IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-793-FDW-DCK

| | |
|---|---|
| EBONY LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HELVEY & ASSOCIATES, INC., and ) | |
| DUKE ENERGY CAROLINAS, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Helvey & Associates, Inc.'s Motion For More Definite Statement" (Document No. 2) filed November 27, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

### STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

> [t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.

Turner v. Shaw Constructors, Inc., No. 1:11-CV-097-MR-DLH, 2011 WL 3156332, at *1 (W.D.N.C. July 26, 2011) (quoting 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 1376 (3d ed.2004));  see also Evans v. Sam's East, 3:16-CV-671-FDW-DCK, 2016 WL 11646027 (W.D.N.C. Oct. 13, 2016).

## DISCUSSION

Ebony Lucas ("Plaintiff" or "Lucas"), appearing without counsel, filed a "Complaint For Money Owed" (Document No. 1-2) in the District Court of Mecklenburg County, North Carolina on or about October 2, 2023.  The Complaint names Helvey & Associates, Inc. and Duke Energy Carolinas, LLC as Defendants, and seems to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* ("FCRA").  (Document No. 1-2, p. 2).

Defendant Helvey & Associates, Inc. ("Defendant" or "Helvey") filed a "Notice Of Removal" (Document No. 1) with this Court on November 20, 2023.  Defendant contends that this Court has jurisdiction over Plaintiff's FDCPA and FCRA claims pursuant to 28 U.S.C. § 1331. (Document No. 1, p. 2).

Defendant filed the pending "Motion For More Definite Statement" (Document No. 20) on November 27, 2023.  Defendant argues that the current Complaint is so vague and ambiguous it "renders it virtually impossible for Helvey to craft a responsive pleading."  (Document No. 2, p. 2) (citing Document No. 1-2).

After review of Defendant's arguments and legal authority, as well as the Complaint, the undersigned finds good cause to grant the requested relief.  See (Document Nos. 2 and 2-1) and (Document No. 1-2).  Moreover, Plaintiff has failed to file any response to the pending motion, and the time to do so has lapsed.  See LCvR 7.1(e).

**IT IS, THEREFORE, ORDERED** that "Defendant Helvey & Associates, Inc.'s Motion For More Definite Statement" (Document No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Lucas shall file an Amended Complaint, consistent with the requirements of Fed.R.Civ.P. 8, on or before **January 12, 2024**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. Mail, return receipt requested.

**SO ORDERED**.

Signed: December 18, 2023

David C. Keesler
United States Magistrate Judge